<div style="float:left">United States District Court<br>For the Northern District of California</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HELM, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ALDERWOODS GROUP, INC,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　／ | No. C 08-01184 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF BRIEFING AND HEARING SCHEDULE, AND DENYING DEFENDANT'S REQUEST TO TAKE ADDITIONAL DISCOVERY** |

Plaintiffs' renewed motion for class certification is presently set for hearing on September 10, 2010. Alderwoods has filed a request to extend the briefing and hearing schedule on the motion by three weeks. In view of the length of the motion and accompanying papers, Alderwoods states that it requires additional time to respond, and the Court finds that this is an appropriate reason for granting the requested extension. Additionally, the motion for class certification filed in the related *Bryant* action is also set to be heard on September 10. Continuing the hearing on the motion filed in this case will therefore allow full but separate consideration of the motions. Alderwoods' motion to extend time is accordingly GRANTED, and the briefing and hearing schedule on plaintiffs' renewed motion for class certification is modified as follows:

　　**Opposition:**　September 10, 2010

　　**Reply:**　September 17, 2010

　　**Hearing:**　October 1, 2010

Alderwoods has also requested leave to conduct an additional 15 depositions with respect to plaintiffs' "On-Call" class. Alderwoods asserts that the definition of this class is "significantly different" from the definition given in plaintiffs' first certification motion, and contends that it will be

1 denied due process if it is not given the opportunity to conduct additional discovery. After reviewing
2 both motions for class certification, however, the Court agrees with plaintiffs that the definition of the
3 On-Call class has simply been narrowed. Plaintiffs asserted the piece rate theory they now advance
4 during the first round of briefing, and the Court addressed the theory in ruling on the motion.
5 Alderwoods has had ample opportunity to conduct discovery on plaintiffs' piece rate theory, and the
6 Court does not believe that additional depositions are justified at this time. The request for leave to
7 conduct 15 additional depositions is therefore DENIED.

**IT IS SO ORDERED.**

Dated: August 11, 2010

SUSAN ILLSTON
United States District Judge