1

2

3

4

5 IN THE UNITED STATES DISTRICT COURT

6 FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8 WILLIAM HELM, et al.,                                    No. C 08-01184 SI

9          Plaintiffs,                          **ORDER RE: PLAINTIFFS' MOTION TO COMPEL**

10    v.
                                                          **(Docket No. 267)**
11 ALDERWOODS GROUP, INC.,

12          Defendant.
                                            /
13

14        On July 27, 2010, the Court issued an order directing Alderwoods to supplement its privilege

15 log by (1) identifying the author and the recipients of any documents it claims are subject to the

16 attorney-client privilege, and (2) itemizing each email within certain email strings. Jul. 27, 2010 Order

17 at \*2-3 (Docket No. 255). The Court also stated that to the extent Alderwoods was unable to provide

18 these supplements, "the privilege will be deemed waived and any non-privileged responsive

19 document[s] must be produced." *Id.* at \*3. Plaintiffs have now filed a letter brief contending that

20 Alderwoods has failed to adequately identify the recipients of certain documents and that several of the

21 emails and other documents itemized in the updated log are not properly subject to privilege. Plaintiffs

22 seek an order directing Alderwoods to produce all documents it has failed to show are protected by

23 privilege.

24        This letter continues plaintiffs' history (in both this case and the related *Bryant* action) of

25 sending meet and confer letters to defendants but providing an inadequate amount of time for defendants

26 to respond before submitting the dispute to the Court. This is insufficient under both the Local Rules

27 and the Federal Rules, which require that counsel make a bona fide, good faith attempt to hold either

28 an in-person meeting or a telephone conference before seeking the Court's intervention in a discovery

**United States District Court**
For the Northern District of California

1   dispute. *See* Civil L.R. 1-5(n), 37-1(a); Fed. R. Civ. P. 37(a)(1).  Alderwoods has represented that the

2   concerns raised by plaintiffs in their letter brief are addressed in a response letter sent to plaintiffs on

3   August 16, 2010 – four days after plaintiffs sent their meet and confer letter to Alderwoods, and the

4   same day plaintiffs submitted this dispute to the Court.  The Court has not seen Alderwoods' August

5   16 Letter, but believes that the parties can resolve their privilege-related disputes, including the dispute

6   concerning email recipients, the dispute concerning meeting agendas, and the dispute concerning emails

7   with Julie Hermann as an author or recipient, through an in-person or telephonic meet and confer effort.

8   Accordingly, the parties are hereby directed to <u>meet and confer, in person or by telephone, no later than</u>

9   <u>September 10, 2010</u> with respect to the privilege issues identified in plaintiffs' letter.

10

11       **IT IS SO ORDERED.**

12

13   Dated: September 1, 2010

                    SUSAN ILLSTON
14                     United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

*United States District Court*
*For the Northern District of California*